IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEMERX, INC.,

*Plaintiff*,

v.

ATAI LIFE SCIENCES AG, *et al.*,

*Defendants*.

No. 1:25-cv-00321-SB

---

Glenn A. Brown, REAL WORLD LAW, P.C., Wilmington, Delaware; Stephen B. Brauerman, Ronald P. Golden , III , BAYARD, P.A, Wilmington, Delaware.

*Counsel for Plaintiff*.

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, PA, Wilmington, Delaware; Robert M. Wasnofski, Sara Gates, DENTONS US LLP, New York City, New York.

*Counsel for Defendants*

---

**MEMORANDUM OPINION**

September 10, 2026

BIBAS, *Circuit Judge*, sitting by designation.

Temporary restraining orders and preliminary injunctions maintain the status quo to allow for meaningful relief after judgment. Though defendants' impending merger will disrupt the status quo, it will not prevent full relief: Plaintiff can continue

its suit against defendants, which will remain a subsidiary of the new corporate parent. So I deny plaintiff's motion for a temporary restraining order and a preliminary injunction.

## I. Background

Plaintiff DemeRx is a pharmaceutical company that develops treatments for substance abuse. D.I. 64-2 ¶ 8. Defendant Atai is another biopharmaceutical company. 3rd Am. Compl. ¶ 22. Defendant Atai Therapeutics is a subsidiary of Atai. *Id.* ¶ 23. Atai and DemeRx jointly owned patent DMX-1002. *Id.* ¶¶ 44–45, 51. Then DemeRx sold its interest in DMX-1002 to Atai. *Id.* ¶¶ 1, 51. The sale agreement required Atai to use commercially reasonable efforts to develop DMX-1002. *Id.* ¶ 2. It also provided that DemeRx would be paid additional compensation upon the achievement of two development milestones. *Id.* ¶¶ 83–85.

But according to DemeRx, Atai never intended to develop DMX-1002. *Id.* ¶¶ 197–208. Rather, it allegedly bought DMX-1002 to prevent it from being developed and undercutting its competing drug. *Id.* ¶¶ 222–23. So DemeRx sued Atai and its subsidiary Atai Therapeutics for breach of contract and fraudulent inducement. *See generally id.*

During this lawsuit, Atai Therapeutics' parent company merged with another company to form AtaiBeckley (a non-party). D.I. 68 ¶ 14. Now, AtaiBeckley plans to merge with Eli Lilly. *Id.* ¶¶ 18–21. The merger was announced on July 16, and is expected to close on September 11, 2026. *Id.*

DemeRx believes that this impending merger will prevent it from being able to get back its interest in DMX-1002. D.I. 64 at 3. So it seeks a temporary restraining order and preliminary injunction. *Id.*

## II. Injunctive Relief Is Not Warranted

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Del. State Sportsmen's Ass'n v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024) (internal quotation marks omitted). In deciding whether to grant injunctive relief, I consider the usual four guideposts:

"(1) the likelihood of success on the merits;

(2) the risk of irreparable injury absent preliminary relief;

(3) the balance of equities; and

(4) the public interest."

*Id.* (citation omitted). The first two factors are the most important. *Id.* To get an injunction, the moving party must show both. *Id.* DemeRx has shown neither.

### A. DemeRx has not shown irreparable harm

Harm is irreparable if it is likely that, without an injunction, the plaintiff will be unable to get meaningful relief. *Id.* at 205. The harm must also be actual and imminent. *Johnson & Johnson v. Samsung Bioepis Co.,* 173 F.4th 454, 464 (3d Cir. 2026).

DemeRx argues that it will be irreparably injured because 1) AtaiBeckley's merger with Eli Lilly will prevent any future equitable relief awarding DemeRx the patents and underlying data and 2) it will not be able to access the underlying data and so it will lose grant funding. D.I. 64 at 24. But neither harm is irreparable.

DemeRx claims the merger will prevent it from getting rescission or a constructive trust because Eli Lilly is a third-party bona fide purchaser. D.I. 64 at 24. But Eli Lilly has notice of the lawsuit, so equitable relief could still be granted. D.I. 68 ¶ 25. Indeed there has already been a change in ownership since the start of the lawsuit, and it does not seem to have harmed DemeRx. D.I. 68 ¶¶ 13–15.

As to the grant opportunities, they are neither concrete, nor imminent, nor preclusive of meaningful relief. DemeRx does not point to a specific funding opportunity that it fears losing. Rather, it says, grant funding is "periodically available." D.I. 64-2 ¶ 88. Generic funding opportunities that will arise in the future are neither concrete nor imminent. And as the loss alleged is mere funding, any actual loss could be compensated through damages. DemeRx's claim that the loss of funding would destroy the company is sheer speculation.

**B. DemeRx has not shown that it is likely to succeed on the merits**

The lack of irreparable harm suffices to sink DemeRx's request. But for completeness, I also address the likelihood of success on the merits. Because DemeRx's claims of irreparable harm rest on its fraudulent-inducement claim, I limit my analysis to that claim.

DemeRx claims that Atai breached its contract by failing to develop DMX-1002. 3rd Am. Compl. ¶ 174. It further claims the contract was fraudulently induced because DemeRx never intended to develop DMX-1002. *Id.* ¶ 198. But first, it is not clear whether Atai still plans to develop DMX-1002 or not, let alone whether it never planned to. D.I. 68 ¶ 9; D.I. 56 Ex. E at 7 (asserting that Atai may still execute the

patent). But even if that were clear, Delaware law does not let a plaintiff bootstrap a fraudulent-inducement claim onto a breach of contract claim. *Swipe Acquisition Corp. v. Krauss*, No. 2019-0509, 2020 WL 5015863, at *11 (Del. Ch. Aug. 25, 2020). So evidence of a breach of contract is not enough to support a fraudulent-inducement claim. DemeRx must show that Atai lied about its intent to develop DMX-1002 before entering into the contract. DemeRx's allegations say little about Atai's intent at that time.

Many of the alleged fraudulent statements occurred after the parties signed the contract. *See* 3rd Am. Compl. ¶¶ 120, 127, 198 (discussing statements made between execution and closing). Statements made after executing the contract could not have induced the contract. And DemeRx's allegations of scienter are based on actions that took place after closing: cancelling a UK clinical study, developing a competing product, and stopping communications with DemeRx. 3rd Am. Compl. ¶ 124. These post-contract allegations are too thin to support an inference that Atai never planned to develop DMX-1002. *Compare Swipe Acquisition*, 2020 WL 5015863, at *11 (finding no bootstrapping based on allegations of communications to defendants during contract negotiations showing knowledge of fraud).

* * * * *

DemeRx shows neither a likelihood of success on the merits nor irreparable injury. But it needed to show both. And in any event, I would exercise discretion to deny equitable relief, given that plaintiff waited six weeks after the merger's announcement to seek this injunction, and intervening now could injure the defendants and

third parties. Thus, I reject its request for the extraordinary relief of an injunction and temporary restraining order, as well as expedited discovery.