IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEMERX, INC.,

*Plaintiff*,

v.

ATAI LIFE SCIENCES AG, *et al.*,

*Defendants*.

No. 1:25-cv-00321-SB

---

Glenn A. Brown, REAL WORLD LAW, P.C., Wilmington, Delaware; Stephen B. Brauerman, Ronald P. Golden, III , BAYARD, P.A, Wilmington, Delaware.
*Counsel for Plaintiff*.

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, PA, Wilmington, Delaware; Robert M. Wasnofski, Sara Gates, DENTONS US LLP, New York City, New York.
*Counsel for Defendants*

---

**MEMORANDUM OPINION**

September 28, 2026

BIBAS, *Circuit Judge*, sitting by designation.

Ordinarily, a defendant does not breach a contract until the time for performance is due. Anticipatory breach is the exception, not the rule—and so it requires a high bar. The breaching party must have either stated unconditionally that they will not perform or taken an action that makes performance impossible.

Plaintiff alleges neither. It does not claim that performance would be impossible nor that defendants said that they would not perform. Nor can it reformulate its breach-of-contract claim as a claim for fraudulent inducement. So I grant the motion to dismiss.

## I. Background

Plaintiff DemeRx is a pharmaceutical company that develops treatments for substance abuse. D.I. 64-2 ¶ 8. Defendant Atai is biopharmaceutical company. D.I. 64-30, 3rd Am. Compl. ¶ 22. Defendant Atai Therapeutics is a subsidiary of Atai. *Id.* ¶ 23. Atai and DemeRx jointly owned patent DMX-1002. *Id.* ¶¶ 44–45, 51. Then DemeRx sold its interest in the patent to Atai. *Id.* ¶¶ 1, 51. The sale agreement required Atai to use commercially reasonable efforts to develop that patent. *Id.* ¶ 2. It also provided that DemeRx would be paid more once it reached two development milestones. *Id.* ¶¶ 83–85.

Allegedly, Atai never intended to develop that patent. *Id.* ¶¶ 197–208. Rather, it bought the patent to prevent it from being developed and undercutting its competeting drug. *Id.* ¶¶ 222–23. So DemeRx sued Atai and its subsidiary Atai Therapeutics for breach of contract, fraudulent inducement, declaratory judgment, constructive trust, and breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶166–232. Atai now moves to dismiss. D.I. 55.

## II. Standing

Atai first argues that DemeRx lacks Article III standing. D.I. 55 at 8–9. In particular, it believes that DemeRx has not asserted an injury in fact. *Id.* Not so. DemeRx alleges that Atai's breach of contract resulted in a loss of $8 million dollars as well as

its patent rights. 3rd Am. Compl. ¶¶ 184, 204. Atai also suggests that DemeRx's injury is not traceable to any breach of the sale agreement. D.I. 55 at 8. That too is wrong—DemeRx relied on the contract when it decided to sell, and Atai's breach robbed it of the benefit of the bargain.

## III. MOST OF DEMERX'S CLAIMS ARE RIPE

Next, Atai argues that DemeRx's claims are unripe because DemeRx could still achieve the milestones and because DemeRx must first engage in the contract's pre-litigation dispute procedure. D.I. 55 at 9–11. These objections largely fail.

A claim is ripe when the challenge "grow[s] out of a real, substantial controversy between parties" and involves a "definite and concrete" dispute. *Peachlum v. City of York*, 333 F.3d 429, 434 (3d Cir. 2003) (cleaned up). Here there is a concrete dispute over whether Atai breached the contract.

It does not matter that the milestones could still be reached. DemeRx alleges anticipatory repudiation. That dispute is not contingent upon future facts. A contracting party does not need to wait until the end of the contract period to claim anticipatory repudiation.

Resisting this conclusion, Atai relies on *VT S'holder Representative, LLC v. Edwards Lifesciences Corp.*, 2023 WL 8597956, at *12 (Del. Ch. Dec. 12, 2023). But that case relies on Delaware law, not Article III. *Id.* at 5. Plus, the plaintiff there did not allege anticipatory repudiation. *Id.*

Nor does the potential pre-dispute resolution mechanism make DemeRx's claims unripe. The alleged failure to satisfy a contractual condition precedent may be a defense to breach of contract, but it is not a question of ripeness. *See Anthony Allega*

*Cement Contractor, Inc. v. Johnson Controls Fed. Sys./Versar,* 2019 WL 1792201, at *5 (D. Del. Apr. 24, 2019) ("Even if defendants were correct in their assertion that ADR has not occurred, the failure to satisfy this condition precedent does not divest this court of subject matter jurisdiction.").

Atai also relies on *Lennox Indus. Inc. v. All. Compressors LLC*, 2020 WL 4596840 (Del. Super. Ct. Aug. 10, 2020). *Lennox* is also unconvincing. If Delaware courts lack jurisdiction to hear claims where a pre-dispute resolution has not been followed, it is because of Delaware state law. That has no bearing on a federal court's Article III jurisdiction. *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986) ("While state law must determine the substantive rights and duties of the parties to the insurance contract, the question of justiciability is a federal issue to be determined only by federal law.").

Ripeness is a barrier to only one claim: indemnity. "Indemnification claims do not accrue until the underlying claim is finally decided." *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 198 (Del. 2009). So that dispute, unlike anticipatory repudiation, is contingent upon future facts and thus not ripe.

## IV. DemeRx failed to Allege Breach of Contract

DemeRx argues that Atai committed ordinary and anticipatory breach of the sale agreement by not taking commercially reasonable efforts to develop the patent, not issuing a discontinuation notice, and not indemnifying DemeRx. D.I. 64-30, 3rd Am. Compl. ¶¶ 170–85.

Anticipatory breach requires that the repudiating party either (1) "positive[ly] and unconditional[ly]" state that it will not or cannot perform or (2) make "a voluntary

and affirmative act rendering performance apparently or actually impossible." *West Willow-Bay Court v. Robino-Bay Court Plaza*, 2009 WL 458779, at *5 (Del. Ch. Feb. 23, 2009) (internal quotation marks omitted).

DemeRx does not allege that Atai made such a statement. *See generally* D.I. 64-30, 3rd Am. Compl. Nor does DemeRx allege it is impossible for Atai to complete the milestones before the end of the earn-out period. *Id.*; D.I. 59 at 7. Instead, DemeRx alleges that Atai anticipatorily repudiated the contract by cancelling a drug trial and developing a competing drug. *Id.* ¶¶ 172, 175. But neither cancelling a study nor developing a competing drug makes it impossible for Atai to reach the milestones in the next five years.

Nor was there an actual breach of contract. DemeRx argues that the contract requires commercially reasonable efforts "for a period of time," not just to pay upon achievement of results. But assuming Atai manages to complete the milestones and thus issues the agreed-upon payment, DemeRx alleges no damages from a delay in initiating commercially reasonable efforts. *Id.* ¶¶ 170–85.

Atai relies on *Alexion*, but it is inapt. The defendant in *Alexion* did not dispute its lack of commercially reasonable efforts. *S'holder Representative Servs. LLC v. Alexion Pharms., Inc.*, 2021 WL 3925937, at *4 (Del. Ch. Sept. 1, 2021). Atai does. D.I. 55 at 13–14.

Similarly, DemeRx alleges no damages from not getting a discontinuation notice. And as discussed, the indemnification clause cannot be breached before a breach of contract is found.

DemeRx makes much the same arguments for breach of the license agreement, and they fail for the same reasons. D.I. 64-30, 3rd Am. Compl. ¶¶ 186–96.

## V. DemeRx Failed to Allege Fraudulent Inducement

As discussed in DemeRx's motion for a preliminary injunction, Delaware law does not let a plaintiff bootstrap a fraudulent-inducement claim onto a breach-of-contract claim. *Swipe Acquisition Corp. v. Krauss*, 2020 WL 5015863, at *11 (Del. Ch. Aug. 25, 2020). DemeRx's allegations rest on actions and statements made after the execution of the contract and do not support an inference that Atai never planned to develop the patent. *DemeRx, Inc. v. Atai Life Scis. AG*, 2026 WL 2665271, at *2 (D. Del. Sept. 10, 2026).

## VI. DemeRx's Declaratory Judgment and Constructive-Trust Claims Duplicate Its Fraudulent Inducement Claim

DemeRx seeks a declaratory judgment on the ownership of the patent. But, as DemeRx admits in its answering brief, its declaratory judgment claim is premised entirely on its fraudulent-inducement claim. D.I. 59 at 19. So is its constructive-trust claim. D.I. 64-30, 3rd Am. Compl. ¶¶ 209–14.

Thus, I dismiss them with prejudice. *Stokes v. Markel Am. Ins. Co.*, 2023 WL 2401706, at *1–2 (D. Del. Mar. 8, 2023).

## VII. DemeRx Failed to Allege a Breach of Good Faith and Fair Dealing

Under Delaware law, the implied covenant of good faith and fair dealing is a "limited and extraordinary" remedy. *Glaxo Grp. Ltd. v. DRIT LP*, 248 A.3d 911, 920 (Del. 2021). "It cannot be invoked when the contract addresses the conduct at issue." *Id.* (internal quotation marks omitted). DemeRx alleges that Atai breached the covenant

of good faith by failing to develop the patent. D.I. 64-30, 3rd Am. Compl. ¶ 230. But Atai's obligation to develop the patent is covered by § 1.2(b) of the sale agreement: the commercially-reasonable-efforts clause. *Id.* Indeed, that is why DemeRx both negotiated for that clause and later sued for breach of it.

DemeRx argues that its claim for breach of good faith is distinct from its breach-of-contract claim. D.I. 59 at 19–20. It argues that the breach of good faith is not for breaching the commercially-reasonable-efforts provision but instead for "act[ing] in a manner which inhibited DemeRx's ability to realize its contractual rights." *Id.* at 20. That is a distinction without a difference. So, I dismiss this claim too.

## VIII. DemeRx May Not Amend a Fourth Time

DemeRx has already amended its complaint three times and has affirmed that further amendment would not be profitable. D.I. 51. So I dismiss all but two of DemeRx's remaining claims with prejudice. Because actual breach may be found after the end of the earn-out period, I dismiss those claims without prejudice. But I will not look kindly at an attempt to renew those claims before the end of the earn-out period.